OPINION
{¶ 1} Henry Walz appeals from his conviction and sentence following a guilty plea to one count of failing to give the Sheriffs Department written notice of his change of residence in violation of R.C. 2950.05. *Page 2 
 {¶ 2} The notice requirement was imposed on Walz due to a prior sex-offense conviction in Hamilton County. Following Walz's guilty plea to the charge of failing to give notice, the trial court imposed a one-year prison sentence to be served concurrent with his sentence in another case.
 {¶ 3} On appeal, Walz raises arguments that have nothing to do with his conviction and sentence in this case. First, he contends R.C. 2950.034 is unconstitutional insofar as it prohibits a person convicted of a sexually oriented offense from occupying a residence within 1,000 feet of a school. Second, he challenges the constitutionality of the Attorney General's reclassification of him as a Tier II sex offender and the additional burdens accompanying the reclassification.
 {¶ 4} As to the former issue, Walz was convicted of changing his residence without giving prior notice to the Sheriffs Department. He was not convicted of violating the prohibition against living within 1,000 feet of a school. He fails to explain how that prohibition has any relevance in this case. With regard to the latter issue, Walz's complaints about his reclassification as a Tier II sex offender are not properly before us. The Attorney General performed the reclassification pursuant to R.C. 2950.031. A specific procedure is found in R.C. 2950.031(E) for challenging the reclassification. It requires filing a petition and requesting a hearing. Walz cannot challenge his reclassification on direct appeal from his conviction and sentence for changing his residence without notice. Accordingly, we overrule his assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
DONOVAN, P.J., and FAIN, J., concur. *Page 1